(No. 5321—

ST. ANTHONY HOSPITAL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 17, 1966.*

ST. ANTHONY HOSPITAL, Claimant, pro se.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, St. Anthony Hospital of Terre Haute, Indiana, presented its statement to the State of Illinois, Department of Children and Family Services, for hospital serv-

ices rendered to one "Baby Girl Yoder" during the period from February 1, 1965 to February 10, 1965.

The hospital services for "Baby Girl Yoder" were contracted for through the Champaign District Office of the Division of Child Welfare, Department of Children and Family Services. The claim was denied by the Department in April of 1966 on the basis that the claim was for services rendered prior to July 1, 1965, and that the appropriation for that biennium had lapsed. On June 15, 1956, claimant filed its complaint in the Court of Claims seeking to recover the sum of $90.00 for hospital services furnished to the said "Baby Girl Yoder," as set forth hereinabove.

A report of the Department of Children and Family Services was filed in the matter as exhibit "A," and, pursuant to stipulation, was admitted into evidence in its full context. Exhibit "A" states in part as follows: "Our investigation indicates that the charge appearing on the statement is legitimate, and, therefore, we cannot disagree with the claim."

We find that there were funds available in the appropriation of the Department of Children and Family Services for the purpose of administering the provisions of Sec. 5 of "An Act Creating the Department of Children and Family Services," and that the lapsed balance in that account was sufficient to cover the charge in question. Pursuant to the stipulation as to evidence, we further find that a contract had been properly entered into, services satisfactorily performed, materials furnished in accordance with such contract, proper charges made therefor, and that adequate funds were available to pay the same. The appropriation for the biennium from which such claim could have been paid had lapsed. We find that all qualifications for an award have been met in the instant case.

Claimant, St. Anthony Hospital, is hereby awarded the sum of $90.00.